

BOSTON   CONNECTICUT   FLORIDA   NEW JERSEY   NEW YORK   PROVIDENCE   WASHINGTON, DC

**Defendant's motion to file the requested documents under seal is GRANTED.** *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (describing the balancing test and privacy interests courts must consider when redacting a judicial record). **SO ORDERED.**

Dated: October 8, 2024
New York, New York

Dale E. Ho
United States District Judge

<u>VIA ECF</u>

Hon. Ronnie Abrams, United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 1506
New York, NY 10007

    Re:    <u>*Weidinger v. Djokic*</u>**, Case No. 1:22-cv-08388-RA**

Dear Judge Abrams:

    We represent the Defendant Erik Djokic ("Mr. Djokic") in the above-captioned matter. Pursuant to the guidance provided by the Court during our March 10, 2022 pre-trial conference, and in accordance with S.D.N.Y. Standing Order 19-MC-583 and Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions, Mr. Djokic respectfully submits this letter motion seeking leave to file certain documents in connection with his Motion to Dismiss the Amended Complaint Pursuant to Rule 12(B)(6) and Motion to Stay the Amended Complaint (collectively, the "Motion") in redacted form. Specifically, we previously filed redacted versions of the Memorandum of Law in Support of the Motion (ECF No. 29) ("Memorandum"), the Declaration of Sarah Krissoff in Support of the Motion (ECF No. 30) ("Krissoff Declaration"), and Exhibit E to the Krissoff Declaration (ECF No. 30/5) ("Exhibit E"). Contemporaneously with this letter, we now file unredacted versions of these three documents under seal, with the proposed redactions identified via highlighting.

    *Lugosch v. Pyramid Co. of Onondaga* provides that any redacting or sealing of a court filing must be essential to preserve higher values, must be narrowly tailored to serve its justifiable purpose, and must be otherwise consistent with the presumption in favor of public access to judicial documents. 435 F. 3d 110, 119-20 (2d Cir. 2006). The proposed redactions for for all three documents are consistent with the decision in *Lugosch*. *See id*. The redactions identified for the Memorandum and Krissoff Declaration solely concern Mr. Djokic's medical information, which is one of the six categories that the Court's Privacy Policy lists as requiring caution. It is necessary to redact this information to prevent public disclosure of Mr. Djokic's sensitive medical information. The proposed redaction for Exhibit E consists only of a check

114401574.2

**DAY PITNEY** LLP

March 16, 2023
Page 2

number. This redaction is also consistent with *Lugosch* and the Court's Privacy Policy, as it relates to personal financial information. All of the proposed redactions are narrowly tailored to protect sensitive information while recognizing the presumption of public access to court documents.

Counsel for Plaintiff Morgan Weidinger consented to the proposed redactions, and was provided with unredacted copies of the Memorandum and Krissoff Declaration shortly after they were filed. Accordingly, we respectfully request permission from the Court to file the Memorandum, Krissoff Declaration, and Exhibit E in redacted form.

Respectfully submitted,

DAY PITNEY LLP

/s/

Sarah Krissoff
605 Third Avenue, 31st Floor
New York, NY 10158-1803
Telephone: (212) 297-2413
Email: skrissoff@daypitney.com
John Vukelj
Telephone: (212) 297-5824
Email: jvukelj@daypitney.com

*Attorneys for Defendant Erik Djokic*

114401574.2